**ZIMMERMAN REED LLP**
CHRISTOPHER P. RIDOUT (SBN 143931)
Email: christopher.ridout@zimmreed.com
CALEB L.H. MARKER (SBN 269721)
Email: caleb.marker@zimmreed.com
2381 Rosecrans Avenue, Suite 328
Manhattan Beach, CA 90245
(877) 500-8780 Telephone
(877) 500-8781 Facsimile

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT GRILLO individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>APPLE, INC., a corporation; DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO.: 5:18-CV-00148<br><br>**COMPLAINT (CLASS ACTION)**<br><br>1. Breach of Implied Contract<br>2. Trespass to Chattel<br>3. Breach of Covenant of Good Faith and Fair Dealing<br>4. Violation of California's Unfair Competition Law<br>5. Violation of California's Consumers Legal Remedies Act<br><br>(Jury Trial Demanded) |

Plaintiff Scott Grillo ("Plaintiff"), on behalf of himself and all other similarly situated, brings this action against Apple Inc. ("Apple") based upon personal knowledge of the facts pertaining to himself, and upon information and belief as to all other matters, herby alleges as follows:

## NATURE OF THE ACTION

1. This is a consumer protection action seeking injunctive relief and damages arising from Defendant Apple's unlawful failure to inform consumers that updating their iPhone 6, 6 Plus, 6S, 6S Plus, SE, 7, or 7 Plus to iOS 10.2.1 (and/or later to iOS 11.2) would dramatically and artificially reduce the performance of their device. Apple also failed to inform consumers that phone performance

would be restored, by as much as 70 percent, if affected individuals simply replaced the phone's lithium-ion battery. The cost of replacing the battery at an Apple store is less than $100. The cost of the new iPhone X is over $1000.

2. Batteries "wear" over time. The lithium-ion battery used by Apple in iPhones slowly diminishes its ability to hold a charge with time and use. However, normal lithium-ion battery wear does not reduce device performance. A weakening battery has no effect on device performance unless there is software that links the two. That is precisely the conduct that Apple engaged in.

3. Since its debut, Apple has touted the superior performance of the iPhone and marketed these devices as high speed and high capability smartphones. Updates for Apple's mobile operating system, iOS are continually released to iPhone customers. There have been numerous versions of iOS since iPhones were initially released, each with multiple iterations. The latest iOS version is iOS 11.2.1, which was released on December 13, 2017. The iOS downloads purportedly update and improve the performance of iPhones, preserve the security of the devices, and make the devices compatible with the newest and most up-to-date programs and applications.

4. In late 2016, iPhone users reported sudden shutdowns of iPhones 5 and 6 running versions of iOS 10 software.[1] In February of 2017, Apple claimed that it had almost entirely resolved the issue in its latest 10.2.1 iOS update, however users still complained of slow devices.[2]

5. In the release notes of iOS 10.2.1, Apple claimed to "bug fixes and improve[] the security of [the] iPhone or iPad" and "improve[] power management during peak workloads to avoid unexpected shutdowns on [the] iPhone."[3] Apple purposefully failed to disclose that the update would throttle phone performance for phone's with weakened batteries.

6. Speculation regarding the manner in which iOS updates impair iPhones and the functionality of iPhone features has existed for several years.[4]

---

[1] https://discussions.apple.com/message/30989226?start=165&tstart=0 (last visited on January 3, 2018).
[2] https://discussions.apple.com/thread/7669667 (last visited on January 3, 2018).
[3] Download iOS 10.0 – iOS 10.3.3 Information, Apple Inc., https://support.apple.com/kb/DL1893?locale=en_US.
[4] http://blackbag.gawker.com/does-apple-ruin-your-iphone-on-purpose-the-conspiracy1690649898 (last visited on January 3, 2018).

7. For example, on Appleinsider.com, one poster theorized as to the cause of slow-downs in the iPhone 6 as follows: "At present, the theory is that the iOS 10.2.1 update issued in part to rectify iPhone 6 shutdown issues with a low-power battery condition implemented some kind of down-clocking routing to slow the processor in afflicted devices."[5]

8. On December 18, 2017, in a report by Primate Labs, blogger John Poole plotted the performance of the iPhone 6s and iPhone 7 before and after the iOS fix and stated that Apple was deliberately slowing the performance of its devices. Poole further explained that he "believe[d] (as do others) that Apple introduced a change to limit performance when battery condition decreases past a certain point."[6]

9. On December 20, 2017, in response to widespread speculation about the impact of iOS 10 on iPhone performance, Apple confirmed users' long-held suspicions and finally admitted that its latest iOS software updates deliberately slowed the performance of iPhones.

10. The effect of Apple's actions was to 1) purposefully reduce device performance with time, and 2) deprive consumers of material information concerning the cause of the decline in performance of their iPhone.

11. Plaintiff and the Class he seeks to represent in this lawsuit are consumers who purchased iPhone 6, 6 Plus, 6S, 6S Plus, SE, 7, or 7 Plus and installed the relevant upgraded operating system software. This lawsuit is brought to challenge Apple's unfair business practices under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 and California's Consumer Legal Remedies Act, Cal. Bus. & Prof. Code § 1750. Plaintiff also brings a claim for breach of implied contract, trespass to chattel, and breach of the implied covenant of good faith and fair dealing under California law. Plaintiff requests that the Court find Apple's business practices constitute unfair competition and enjoin Apple from engaging in similar conduct in the future. Plaintiff further requests that the Court order Defendant to: pay civil penalties pursuant to Cal. Bus. & Prof. Code § 17206;

---

[5] http://appleinsider.com/articles/17/12/11/apple-may-fix-aging-battery-issues-prevent-randomshutdowns-by-slowing-down-iphones (last visited on January 3, 2018).
[6] http://www.geekbench.com/blog/2017/12/iphone-performance-and-battery-age/ (last visited on January 3, 2018).

provide restitution to the Class of all money that may have been acquired by means of their unfair practice; and pay attorney's fees and the costs of litigation.

## INTRADISTRICT ASSIGNMENT

12. Assignment is proper to the San Jose division of this District under Local Rule 3-2(c)-(e), as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in Santa Clara County, where Apple is headquartered.

## THE PARTIES

13. Plaintiff Scott Grillo is a resident of the state of California, and purchased an iPhone 6S. He upgraded to iOS 10.2.1 and has since suffered material and increasing degradation in the performance of the iPhone.

14. Plaintiffs bring this action on their own behalf and on behalf of all others similarly situated, namely all other individuals who have owned iPhone 6, 6 Plus, 6S, 6S Plus, SE, 7, or 7 Plus.

15. Upon information and belief, Defendant Apple Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business at 1 Infinite Loop, Cupertino, California.

16. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when the same are ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences and acts alleged herein, and that Plaintiffs damages alleged herein were proximately caused by these Defendants. When used herein, the term "Defendants" is inclusive of DOES 1 through 10.

17. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and severally.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over the state law claims asserted here pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), since some of the Class Members

are citizens of a State different from the Defendant and, upon the original filing of this complaint, members of the putative Plaintiffs class resided in states around the country; there are more than 100 putative class members; and the amount in controversy exceeds $5 million.

19. The Court has personal jurisdiction over Defendant Apple, Inc. because Apple is incorporated under the laws of the State of California and is headquartered in Cupertino, California.

20. Venue is appropriate because, among other things: (a) Plaintiffs are residents and citizens of this District; (b) the Defendants had directed their activities at residents in this District; (c) the acts and omissions that give rise to this Action took place, among others, in this judicial district.

21. Venue is further appropriate pursuant to 28 U.S.C. § 1391 because Defendant conducts a large amount of their business in this District, and Defendant has substantial relationships in this District. Venue is also proper in this Court because a substantial part of the events and omissions giving rise to the harm of the Class Members occurred in this District.

## SUBSTANTIVE ALLEGATIONS

22. Plaintiff and Class Members are Apple iPhone users. Many Class Members are brand loyal to Apple and have purchased various iterations of the iPhone.

23. Every iPhone device comes equipped with a mobile operating system called iOS. iOS consists of a collection of software applications, known as "Apps," that allows users to utilize all of the features of Apple products.

24. On January 23, 2017, Apple released iOS 10.2.1. The update specifically addressed aging batteries, and expressly represented that the purpose was to prolong the life of the Device. Apple promised to "Deliver the best experience for customers, which includes overall performance and prolonging the life of their devices."[7]

25. For example, the update specifically sought to prevent the device from shutting down if a performance spike drew too much power. While the battery issue was a reported problem at the time,[8] the iOS update did far more than address shutdowns on those few phones that experienced

---

[7] Kif Leswing, *Apple just admitted it's slowing down older iPhones – but says it has a good reason for doing it*, Business Insider (Dec. 20, 2017) http://www.businessinsider.com/apple-explains-why-older-iphones-appear-to-be-slowing-down-2017-12 (last visited 1/3/2018).
[8] *A Message from Apple about iPhone and Unexpected Shutdowns*, Apple Inc. https://support.apple.com/zh-cn/HT207414.

shutdowns. It also surreptitiously and purposefully throttled the performance speed on the iPhone 6, 6 Plus, 6S, 6S Plus, and SE by as much as 70 percent.

26. On December 18, 2017, in a report by Primate Labs, blogger John Poole plotted the performance of the iPhone 6s and iPhone 7 before and after the iOS fix and stated that Apple was deliberately slowing the performance of its devices. Poole further explained that he "believe[d] (as do others) that Apple introduced a change to limit performance when battery condition decreases past a certain point."

27. On December 20, 2017, Apple finally admitted to this conduct and acknowledged that it had deliberately slowed the performance of older iPhone Devices without users' consent. Apple explained, as follows:

> Our goal is to deliver the best experience to customers, which includes overall performance and prolonging the life of their devices. Lithium-ion batteries become less capable of supplying peak current demands when in cold conditions, have a low battery charge or as they age over time, which can result in the device unexpectedly shutting down to protect its electronic components.
>
> Last year we released a feature for iPhone 6, iPhone 6s and iPhone SE to smooth out the instantaneous peaks only when needed to prevent the device from unexpectedly shutting down during these conditions. We've now extended that feature to iPhone 7 with iOS 11.2, and plan to add support for other products in the future.

28. Thus, as Apple has now acknowledged, its software updates purposefully slowed or "throttled down" the performance and speed of iPhones Devices.

29. Plaintiff and Class members were unaware that Apple's iOS 10.2.1 and later updates were engineered to intentionally slow down the performance speed of iPhone Devices or that these updates otherwise had the effect of hindering the devices' functionality.

30. Defendant never requested consent nor did Plaintiffs at any time give consent for Defendant to slow down their iPhones.

31. Plaintiffs and Class Members were never given the option to bargain or choose whether they preferred to have their iPhones slower than normal.

32. Plaintiffs and Class Members suffered interferences to their iPhone usage due to the intentional slowdowns caused by Defendant.

33. Defendant's wrongful actions directly and proximately caused the interference and loss of value to Plaintiffs and Class Members' iPhones causing them to suffer, and continue to suffer, economic damages and other harm for which they are entitled to compensation, including:

    a. Replacement of old phone;

    b. Loss of use;

    c. Loss of value;

    d. Purchase of new batteries;

    e. Ascertainable losses in the form of deprivation of the value of their iPhone;

    f. Overpayments to Defendant for iPhones in that a portion of the price paid for such iPhone by Plaintiffs and Class Members to Defendant was for Defendant to purposefully not interfere with the usage of their iPhones, which Defendant and its affiliates purposefully interfered in order to slow down its performance and, as a result, Plaintiffs and Class Members did not receive what they paid for and were overcharged by Defendant.

## CLASS ACTION ALLEGATIONS

34. Plaintiffs brings this action on their own behalf and pursuant to the Federal Rules of Civil Procedure Rule 23(a), (b)(2), (b)(3), and (c)(4), Plaintiffs seeks certification of a Nationwide class, a California class, and a Consumer subclass. The nationwide class is initially defined as follows:

> All persons residing in the United States who have owned iPhone models older than iPhone 8 (the "Nationwide Class").

The California class is initially defined as follows:

> All persons residing in California who have owned iPhone models older than iPhone 8 (the "California Class").

The Consumer Subclass is initially defined as follows:

> All persons in the Nationwide Class who is a "consumer," as that term is defined by California Civil Code § 1761(d), or purchased "goods" or "consumer goods," as those terms are defined by California Civil Code §§ 1761(a) and 1791(a) (the "Consumer Subclass").

35. Excluded from each of the above Classes are Defendant, including any entity in which Defendant has a controlling interest, is a parent or subsidiary, or which is controlled by Defendant, as well as the officers, directors, affiliates, legal representatives, heirs, predecessors, successors, and

assigns of Defendant. Also excluded are the judges and court personnel in this case and any members of their immediate families. Plaintiffs reserves the right to amend the Class definitions if discovery and further investigation reveal that the Classes should be expanded or otherwise modified.

36. **Numerosity. Fed. R. Civ. P. 23(a)(1).** The members of the Classes are so numerous that the joinder of all members is impractical. While the exact number of Class Members is unknown to Plaintiffs at this time, Defendant has acknowledged to purposefully slow down older iPhone models. The disposition of the claims of Class Members in a single action will provide substantial benefits to all parties and to the Court. The Class Members are readily identifiable from information and records in Defendant's possession, custody, or control.

37. **Commonality. Fed. R. Civ. P. 23(a)(2) and (b)(3).** There are questions of law and fact common to the Classes, which predominate over any questions affecting only individual Class Members. These common questions of law and fact include, without limitation:

   a. Whether Defendant has an implied contractual obligation to not purposefully slow down older iPhone models;

   b. Whether Defendant has complied with any implied contractual obligation to not purposefully slow down older iPhone models;

   c. Whether Defendant interfered or otherwise lowered the use or value of older iPhone models;

   d. Whether Defendant purposefully designed iOS 10.2.1 to affect device performance or did so knowingly;

   e. Whether and to what extent Defendant disclosed the effect of iOS 10.2.1 on device performance;

   f. Whether the aspects of iOS 10.2.1 affecting device performance were extended to iOS 11.2;

   g. Whether Defendant notified customers that the artificial reduction in device performance could be remedied by simply replacing the battery.

   h. Whether Apple's conduct has violated the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17209;

    i.      Whether Apple is subject to liability for violating the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750-1784;

    j.      Whether Plaintiffs and the Class are entitled to damages, civil penalties, punitive damages, and/or injunctive relief.

38. Typicality. Fed. R. Civ. P. 23(a)(3). Plaintiffs' claims are typical of those of other Class Members because Plaintiffs' iPhones, like that of every other Class Member, was misused by Defendant.

39. Adequacy of Representation. Fed. R. Civ. P. 23(a)(4). Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have retained competent counsel experienced in litigation of class actions, including consumer class actions, and Plaintiffs intend to prosecute this action vigorously. Plaintiffs' claims are typical of the claims of other members of the Class and Plaintiffs has the same non-conflicting interests as the other Members of the Class. The interests of the Class will be fairly and adequately represented by Plaintiffs and their counsel.

40. Superiority of Class Action. Fed. R. Civ. P. 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all the members of the Classes is impracticable. Furthermore, the adjudication of this controversy through a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the asserted claims. There will be no difficulty in the management of this action as a class action.

41. Damages for any individual class member are likely insufficient to justify the cost of individual litigation so that, in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go un-remedied.

42. Class certification is also appropriate under Fed. R. Civ. P. 23(a) and (b)(2), because Defendant has acted or has refused to act on grounds generally applicable to the Classes, so that final injunctive relief or corresponding declaratory relief is appropriate as to the Classes as a whole.

## COUNT I

**(Breach of Implied Contract)**

(On Behalf of Plaintiff and the Nationwide and California Classes)

43. Plaintiffs incorporate the substantive allegations contained in each and every paragraph of this Complaint.

44. Defendant solicited and invited Plaintiffs and the members of the Class to buy new iPhones. Plaintiffs and Class Members accepted Defendant's offers and bought iPhones from Defendant.

45. When Plaintiffs and Class Members bought iPhones from Defendant, they paid for their iPhones. In so doing, Plaintiffs and Class Members entered into implied contracts with Defendant to which Defendant agreed to not purposefully interfere with Plaintiffs and Class Members' usage or speed of the device.

46. Each purchase made with Defendant by Plaintiffs and Class Members was made pursuant to the mutually agreed-upon implied contract with Defendant under which Defendant agreed to not purposefully interfere with Plaintiffs and Class Members' usage or value of their iPhones.

47. Plaintiffs and Class Members would not have bought iPhones from Defendant in the absence of the implied contract between them and Defendant.

48. Plaintiffs and Class Members fully performed their obligations under the implied contracts with Defendant.

49. Defendant breached the implied contracts it made with Plaintiffs and Class Members by purposefully slowing down older iPhone models when new models come out and by failing to properly disclose that at the time of that the parties entered into an agreement.

50. As a direct and proximate result of Defendant's breaches of the implied contracts between Defendant and Plaintiffs and Class Members, Plaintiffs and Class Members sustained actual losses and damages as described in detail above.

## COUNT II

**(Trespass to Chattel)**

(On Behalf of Plaintiffs and the Nationwide and California Classes)

51. Plaintiffs repeats and fully incorporates the allegations contained in each and every paragraph of this Complaint.

52. Plaintiffs owned or possessed the right to possess the above mentioned iPhones.

53. Defendant intentionally interfered with Plaintiff and Class Members' use or possession of their iPhone by purposefully slowing down their phones.

54. Plaintiffs and Class Members never consented to Defendant interfering with their phones in order to slow their phones down.

55. Plaintiffs and Class Members have lost use, value, had to purchase new batteries, and had to purchase new iPhones due to Defendant's conduct.

56. Defendant's conduct was a substantial factor in causing Plaintiffs and Class Members to have to replace iPhones, buy new batteries, or loss of usage of their iPhone.

## COUNT III

**(Breach of Covenant of Good Faith and Fair Dealing)**

(On Behalf of Plaintiff and the Nationwide and California Classes)

57. Plaintiff incorporates by reference the foregoing paragraphs.

58. In every contract or agreement there is an implied promise of good faith and fair dealing under California law.

59. In dealings between Apple and its customers, Apple has power affecting the rights of its users.

60. Apple entered into a contract with Plaintiff and Class Members at the time of purchase of each iPhone, and at the time of download of iOS 10.2.1 and later iOS versions.

61. Apple contractually promised in the iOS 10.2.1 update and later updates to "deliver the best experience for customers, which includes overall performance and prolonging the life of their devices."

62. Plaintiff did all, or substantially all, of the things that the contracts required him to do.

63. Despite its contractual promises to prolong the life of the devices, Apple instead purposefully took actions to reduce the life of the devices, and purposefully failed to notify customers that replacing the battery would restore performance that had been artificially throttled by iOS 10.2.1 and later updates to iOS.

64. Apple's actions were objectively unreasonable given Apple's promises.

65. Apple's conduct evaded the spirit of the bargain made between Apple and the Plaintiff.

66. As a result of Apple's misconduct and breach of its duty of good faith and fair dealing, Plaintiff and the Class suffered damages. Plaintiff and the Class members did not receive the benefit of the bargain for which they contracted and for which they paid valuable consideration.

## COUNT IV

**(Violation of California's Consumers Legal Remedies Act)**

(On Behalf of Plaintiff and the Consumer Subclass)

67. Plaintiff incorporates by reference the foregoing paragraphs.

68. This claim for relief is brought pursuant to the Consumers Legal Remedies Act ("CLRA"). Plaintiff and members of the Consumer Subclass are "consumers" as the term is defined by Civil Code § 1761(d) because they bought Affected iPhones for personal, family, or household purposes.

69. Plaintiff and members of the Consumer Subclass have engaged in a "transaction" with Apple, as that term is defined by Civil Code section 1761(e).

70. The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purposes of the CLRA, and were undertaken by Apple in transactions intended to result in, and which resulted in, the sale of goods to consumers; namely, to sell replacement batteries, repair services, and/or replacement devices for their Affected iPhones.

71. By engaging in the conduct alleged in this Complaint, Apple has violated subdivisions (a)(5), (a)(7), and (a)(9) of California Civil Code section 1770 by, inter alia, misrepresenting and concealing the true nature and scope of the battery defect and that the modification of iOS would cause Affected iPhones to perform slowly and erratically and not disclosing those facts to Plaintiff and members of the proposed class before they bore the cost of purchasing a replacement device for their

Affected iPhone, purchasing a new Affected iPhone, and/or purchasing replacement parts and/or repair services as a result of the battery defect or the iOS modification.

72. By concealing the battery defect and the iOS modification from Plaintiff and members of the proposed class, Apple has represented, and continues to represent, that Affected iPhones have characteristics, uses and benefits, or qualities that they do not have, and that they are of a particular standard, quality, or grade, when they are not, in violation of Civil Code section 1770, subsections (a)(5) and (a)(7).

73. By engaging in the conduct alleged herein, above, Apple has also advertised, and continues to advertise, goods with the intent not to sell them as advertised, in violation of California Civil Code section 1770(a)(9).

74. Pursuant to Section 1782 of the CLRA, Plaintiff has sent written notice to Apple by certified mail regarding its violations of the CLRA, thereby providing Apple with an opportunity to correct or otherwise rectify the problems alleged herein within 30 days of receipt of that notice.

75. Unless Apple agrees to correct, repair, replace, or otherwise rectify the problems created by Apple's conduct as alleged herein, Plaintiff will amend this Complaint to seek an order awarding actual damages and, because Apple engaged in the conduct alleged herein deliberately and with willful and malicious intent, punitive damages.

76. Plaintiff now seeks an order requiring Apple to (a) cease violating the CLRA by modifying iOS in a manner that prevents it from slowing the performance of Affected iPhones; (b) to provide owners of Affected iPhones with notice that the slow performance of those devices is caused by modifications Apple made to iOS; and (c) to provide current owners of Affected iPhones with new batteries for those devices free of charge.

## COUNT V

**(Violation of California's Unfair Competition Law)**

(On Behalf of Plaintiff and the Nationwide and California Classes)

77. Plaintiff incorporates by reference the foregoing paragraphs.

78. Defendant's acts and practices, as alleged in this complaint, constitute unfair, unlawful and fraudulent business practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.

79. Defendant's violation of the CLRA, as alleged in this complaint, constitutes unfair, unlawful and fraudulent business practices in violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.

80. Defendant's conduct is unfair because it failed to inform consumers that updating their iPhone 6, 6 Plus, 6S Plus, SE, 7, or 7 Plus to iOS 10.2.1 (and/or later to iOS 11.2) would dramatically and artificially reduce the performance of their device and Defendant also failed to inform consumers that phone performance would be restored by simply replacing the battery.

81. Defendant's conduct is unlawful because it designed and sold iPhone 6, 6 Plus, 6S Plus, SE, 7, or 7 Plus devices with software that caused the devices to operate more slowly in violation of the CLRA and other laws as described above.

82. Defendant's conduct is fraudulent and deceitful within the meaning of the UCL because it was reasonably calculated to mislead reasonable consumers into purchasing new iPhones when they could restore the performance of their device by replacing the battery.

83. Defendant has engaged and continues to engage in an unfair business practice by including code in iOS 10 (and now iOS 11) designed in part to materially diminish performance speed of iPhones, and by purposefully failing to disclose that performance could be restored by simply changing the battery.

84. Defendant's business practices are unscrupulous, unethical, and substantially injurious to consumers. There is no legitimate business reason for Apple's business practice such that the utility of its business practice outweighs the harm to consumers. Furthermore, Apple's business practice undermines this State's fundamental policy against unfair and sharp business practices that are likely to deceive or mislead consumers, and which undercut trust and fair competition in the consumer marketplace.

85. Plaintiff also has standing to challenge Defendants' unfair, unlawful and fraudulent business practices on behalf of the public pursuant to California Business and Professions Code

1  §17204, since he has suffered injury in fact and lost money or property as a result of such practices in the form of reduced value of the iPhone. Plaintiff purchased an iPhone 6S and upgraded to iOS 10.2.1, causing his device performance to be artificially throttled. Apple did not inform him that its software was the cause, and did not inform him that a simple change of battery could restore performance. Plaintiff has also suffered reduced productivity as a result of Apple's practices.

86. On behalf of the proposed class, Plaintiff hereby seeks restitution in an amount to be determined at trial.

87. On behalf of the proposed class, Plaintiff also hereby seeks entry of appropriate equitable relief pursuant to California Business & Professions Code § 17203, including an injunction prohibiting Defendant from engaging in the same or similar unfair business practices in the future, civil penalties, restitution of money that may have been acquired by Defendants' unfair business practices, and attorney's fees and costs of litigation. The entry of injunctive relief is of particular importance, and necessary to secure a fair consumer marketplace.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all Class Members proposed in this Complaint, respectfully requests that the Court enter judgment in his favor and against Defendant as follows:

A. For an Order certifying the Nationwide Class, California Class, and Consumer Subclass as defined here, and appointing Plaintiffs and her Counsel to represent the Nationwide Class, the California Class, and the Consumer Subclass;

B. For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of here pertaining to the misuse of Plaintiffs and Class Members' personal property;

C. For equitable relief compelling Defendant to utilize appropriate methods and policies with respect to older iPhone models in respect to their batteries;

D. For equitable relief requiring restitution and disgorgement of the revenues wrongfully retained as a result of Defendant's wrongful conduct;

E. For an award of actual damages and compensatory damages, in an amount to be determined on all counts where damages can currently be claimed;

COMPLAINT (CLASS ACTION)                                5:18-CV-00148
15

1    F.    For an order pursuant to California Civil Code section 1780(a)(2) requiring Apple to (a) provide owners of Affected iPhones with notice that the slow performance of those devices is caused by modifications Apple made to iOS; (b) modify iOS in a manner that prevents it from slowing the performance of Affected iPhones; and (c) provide current owners of Affected iPhones with new batteries for those devices free of charge;

G.    For an order awarding attorney fees and costs pursuant to California Civil Code section 1780(e);

H.    For an award of costs of suit and attorneys' fees, as allowable by law; and

I.    Such other and further relief as this court may deem just and proper.

## DEMAND FOR JURY TRIAL

Based on the foregoing, Plaintiffs, on behalf of themselves, and all others similarly situated, hereby demand a jury trial for all claims so triable.

ZIMMERMAN REED LLP

Dated: January 8, 2018        By:    /s/ Christopher P. Ridout
                                     Christopher Ridout
                                     Caleb Marker
                                     2381 Rosecrans Avenue, Suite 328
                                     Manhattan Beach, CA 90245
                                     Tel. (877) 500-8780
                                     Fax (877) 500-8781

                                     *Attorneys for Plaintiff*